UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARTY L. SEGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV812MLM |
| | ) | |
| PETE GEREN, | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss filed by Defendant Pete Geren, Secretary of the Army, ("Defendant"). Doc. 2. Plaintiff Mary L. Seger ("Plaintiff") filed a Response. Doc. 4. Defendant filed a Reply. Doc.6. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 5.

### BACKGROUND

Plaintiff alleges, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., that commencing March 2004 and continuing thereafter, Defendant discriminated against him based on gender, race, age, physical and emotional disability and that Defendant retaliated against him.

In particular, Plaintiff alleges that since the summer of 1996 he has been an employee of the St. Louis District of the U.S. Army Corps of Engineers; that Defendant retaliated against him for going to "Peggy O'Bryan and the EEO & EEOC as well other Employees about" numerous incidences of alleges discrimination specified in ¶ 9.1[1] of his Complaint; that "from, about and after"

---

[1] Plaintiff's Complaint contains two paragraphs labeled as "9." As did Defendant in the Motion to Dismiss, the court will refer to the first paragraph 9 as 9.1 and the second paragraph 9 as

April 11, 2005, he was promised by Catherine Cummings, an agent of Defendant, that Defendant "would continue to process Plaintiff's Claims after Plaintiff healed"; that Plaintiff relied on this representation; that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on about December 3, 2007; and that the EEOC issued a Right to Sue Letter on about March 12, 2008. In the Right to Sue Letter the EEOC stated that it found that Plaintiff's charge should be dismissed because he failed to state a claim and because his claims were untimely raised with an Equal Employment Opportunity ("EEO") counselor. Pl. Ex. 1.

Defendant contends that the incidences of discrimination alleged in Plaintiff's Complaint, with the exception of the allegation contained in ¶ 9.1(k), are barred because Plaintiff failed to meet the applicable 45-day time limit for making contact with an EEO counselor and/or because he failed to file a formal EEO complaint within 15 days of the receipt of the notice of a final interview. Defendant contends, therefore, with the exception of the allegation in ¶ 9.1(k), that Plaintiff's Complaint should be dismissed as untimely. Defendant further contends, in regard to the allegation of ¶ 9.1(k), that Plaintiff has failed to state a prima facie case of discrimination and that this allegation should be dismissed for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See

---

9.2.

also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Upon considering a motion to dismiss a federal court must "tak[e] all facts alleged in the complaint to be true and constru[e] the pleadings in the light most favorable to the plaintiffs." Gregory v. Dillard's, 494 F.3d 694, 709(8th Cir. 2007).

> Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:
>
> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Schaaf v. Residential Funding Corp., 2008 WL 465481 at *2 (8th Cir. Feb. 22, 2008) (citing Erickson, 127 S.Ct. at 2200 ("The plaintiffs need not provide specific facts in support of their allegations.").

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Twonbly, 127 S. Ct. at 1965 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

3

# DISCUSSION

**A.    Failure to Timely File:**

29 C.F.R. § 1614.105(a), which applies to Federal Sector Equal Employment Opportunity claims, provides, in relevant part, that:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap *must consult a Counselor prior to filing a complaint* in order to try to informally resolve the matter.
>
>> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, *within 45 days of the effective date of the action.*
>>
>> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

(emphasis added).

Section 1614.106(a) provides that "*[a] complaint must be filed* with the agency that allegedly discriminated against the complainant" and Section 1614.106(b) provides that the "complaint must be filed within *15 days of receipt of the notice* required by § 1614.105 (d), (e) or (f)." (emphasis added).

Section 1614.107(a)(2) provides that an "agency shall dismiss an entire complaint" where it "fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and 1614.204(c), unless the agency extends the time limits in accordance with §1614.604(c), or that raises a matter that

has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor."

In regard to all allegations of Plaintiff's Complaint, with the exception of the allegation of ¶ 9.1(k), Defendant contends that Plaintiff failed to contact an EEO counselor within 45 days of the alleged discriminatory event and/or that Plaintiff failed to file a formal EEO complaint within 15 days of the receipt of the notice of a final interview. In particular, Defendant contends that with the exception of ¶ 9.1(k), the acts of which Plaintiff complains took place between March 2004 and November 2005; that although he went to the EEO office in April 2005, Plaintiff did not file a complaint at this time; that he did not go to the EEO office again until October 2007; and that Plaintiff did not file an EEO complaint until November 6, 2007.

Plaintiff does not allege in his Complaint that he timely initiated contact with an EEO counselor or timely filed a formal EEO complaint as required by the above Regulations nor does he dispute Defendant's allegation that he failed to do either of these things.

To the extent that Plaintiff suggests that equitable tolling should apply, he cites Zipes v. Trans World Airlines, 455 U.S. 385 (1981). While Zipes, a class action sexual discrimination case, recognized that equitable tolling may be appropriate "where equity so requires" in an employment discrimination case, it nonetheless recognized that there must be a basis for such tolling. As stated by the Eighth Circuit in Shempert v. Harwick Chemical Corp., 151 F.3d 793, 797-98 (8th Cir. 1998):

> While Title VII is remedial legislation and its charge-filing provisions are not to be read too literally or technically, see Zipes, 455 U.S. at 397, 102 S.Ct. 1127, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) (Baldwin). As a general rule, equitable tolling is a remedy reserved for circumstances that are "truly beyond the control of the plaintiff." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir.1989); see also Lown v. Brimeyer, 956 F.2d 780, 782 (8th Cir.) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of

his [or her] hands.") ... Baldwin suggests instances in which equitable tolling would be appropriate: (1) a claimant has received inadequate notice; (2) a motion for appointment of counsel is pending; (3) the court has led the plaintiff to believe that he or she has done everything required of him or her; or (4) affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. 466 U.S. at 151, 104 S.Ct. 1723.

Thus, Zipes, Baldwin, or Shempert require that a plaintiff who claims equitable tolling is applicable must establish that circumstances beyond his control caused him to miss a filing deadline. Plaintiff in the matter under consideration suggests no facts to support a claim that equitable tolling should apply. As such, the court finds that Plaintiff is not entitled to equitable tolling. See Baldwin, 466 U.S. at 152; Zipes, 455 U.S. at 397; Shempert, 151 F.3d at 797-98. Because Plaintiff failed to timely contact an EEO counselor and/or file a timely EEO complaint in regard to the allegations of his Complaint, the court finds that his Complaint should be dismissed, with the exception of ¶ 9.1(k).

**B.  Failure to State a Claim:**

The court has found above that all allegations of Plaintiff's Complaint should be dismissed as untimely, with the exception of the allegation of ¶ 9.1(k). In ¶ 9.1(k) Plaintiff alleges that he was denied entrance to his duty station at the St. Louis District's Service Base on September 9, 2007, in violation of Title VII. Defendant contends that Plaintiff cannot establish a violation of Title VII because he did not suffer any adverse employment action within the meaning of Title VII as a result of the conduct alleged in ¶ 9.1(k).

Title VII provides that it unlawful for an employer to discriminate against an employee because of the employee's race and gender. Buettner v. Arch Coal Sales, Co., 216 F.3d 707, 713 (8th Cir. 2000). Title VII also makes it unlawful for an employer to retaliate against an employee because he engaged in conduct protected by Title VII. Burlington N. & Santa Fe Ry. Co v. White, 548 U.S. 53, 67-68 (2006). When a plaintiff is unable to put forth direct evidence of unlawful employment discrimination, the burden-shifting framework set forth by the Supreme Court in McDonnell Douglas

6

Corp. v. Green, 411 U.S. 792, 802 (1973), is applicable. Buettner, 216 F.3d at 713; Breeding v. Arthur J. Gallagher and Co, 164 F.3d 1151, 1156 (8th Cir. 1999). Plaintiff in the matter under consideration does not allege any direct evidence that Defendant violated Title VII. McDonnell Douglas and it progeny, therefore, apply to Plaintiff's claims discrimination under Title VII.

Under the burden-shifting framework of McDonnell Douglas a plaintiff filing a complaint pursuant to Title VII must first present evidence that will establish a prima facie case. See Buettner, 216 F.3d at 713; Breeding, 164 F.3d at 1156; McCullough v. Real Foods, Inc., 140 F.3d 1123, 1126 (8th Cir. 1998). In the discrimination context, to establish a prima facie case a plaintiff must first show, among other things, that he suffered an adverse employment action. See Coffman v. Tracker Marine, L.P., 141 F.3d 1241, 1245 (8th Cir. 1998). In regard to what constitutes an adverse employment action, the Eighth Circuit has held as follows:

> Although "actions short of termination may constitute adverse actions within the meaning of the statute," not everything that makes an employee unhappy is an actionable adverse employment action. Smith v. St. Louis Univ., 109 F.3d 1261, 1266 (8th Cir.1997). Instead, the action must have had some materially adverse impact on [a plaintiff's] employment terms or conditions to constitute an adverse employment action. See Ledergerber v. Stangler, 122 F.3d 1142, 1144 (8th Cir.1997).

Id. See also Williams v. City of Kansas City, Mo., 223 F.3d 749, 753 (8th Cir. 2000).

The Supreme Court has recognized that the anti-retaliation provision of Title VII "is not limited to discriminatory actions that affect the terms and conditions of employment" because "[a]n employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him harm outside the workplace." Burlington, 548 U.S. at 63-64. The Court holds that "a plaintiff [alleging retaliation] must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Id. at 68 (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (C.A.D.C. 2006) (internal quotations omitted).

7

In deciding whether an action would be adverse to a "reasonable employee," the court must consider the specific context of the action. Id. at 69.

If a plaintiff is successful in establishing a prima facie case, a rebuttable presumption of discrimination arises. See id. at 1126; Hill v. St. Louis Univ., 123 F.3d 1114, 1119 (8th Cir. 1997). The burden then shifts to the employer, who must articulate a nondiscriminatory reason for the adverse employment action. See McCullough, 140 F.3d at 1126. Once the employer articulates a nondiscriminatory reason, the presumption of discrimination disappears entirely. The plaintiff must then show that she has sufficient admissible evidence from which a rational trier of fact could find that the employer's proffered nondiscriminatory reason is either untrue or was not the real reason for the action *and* that intentional discrimination was the real reason. See McCullough, 140 F.3d at 1127; Hill, 123 F.3d at 1119.

Notifications of Personnel Action establish that Plaintiff has been on leave without pay since June 26, 2005, and that he remains on this status to date. Def. Ex. B and C. Plaintiff does not dispute the factual allegations of Major Jason Taliaferro's affidavit that the Service Base is a secured area, with a guard station at its entrance and a fence around its perimeter; that all entrants to the Service Base must show proper identification to the guard; and that private citizens without official business at the Service Base are denied admittance. Def. Ex. D. Under such circumstances Plaintiff cannot establish that as a result of his being denied entry into the Service Base he suffered an adverse employment action or an action which would have dissuaded a reasonable worker from making or supporting a charge of discrimination. See Burlington, 548 U.S. at 63-64, 68; Williams, 223 F.3d at 753; Coffman, 141 F.3d at 1245. The court finds, therefore, that Plaintiff cannot establish a prima face case of discrimination and/or retaliation under Title VII; that Plaintiff has failed to state a cause of action in regard to ¶ 9.1(k) of his Complaint; and that ¶ 9.1(k) of his Complaint should be

dismissed. See Twonbly, 127 S. Ct. at 1964-65; Burlington, 548 U.S. at 63-64, 68; McDonnell Douglas, 411 U.S. at 802.

## CONCLUSION

For the reasons fully set forth above, the court finds, with the exception of ¶ 9.1(k), that Plaintiff's Complaint should be dismissed for failing to timely present his claims to an EEO counselor and/or for failing to timely file a EEO complaint. The court further finds that Plaintiff has failed to state a cause of action in ¶ 9.1(k) of his Complaint. The court finds, therefore, that Plaintiff's Complaint should be dismissed in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant is **GRANTED.** Doc. 2.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is Dismissed in its entirety. Doc. 1.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of August, 2008.